IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

MONTROSE MEMORIAL HOSPITAL, INC.

    Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

    This is an action under the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Katherine K. Casias and other individuals who worked for Defendant Montrose Memorial Hospital and were aggrieved by Defendant's unlawful conduct. As alleged with greater particularity below, a group of employees age forty or older were discharged and/or constructively discharged because of their age in violation of the ADEA.

## JURISDICTION AND VENUE

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b)

1

of the ADEA, *as amended*, 29 U.S.C. § 626(b) which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), *as amended*, 29 U.S.C. §§ 201, 216(c) and 217.

2. The employment practices alleged to be unlawful in this action were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Montrose Memorial Hospital, Inc. ("Montrose Memorial Hospital"), a Colorado corporation registered to do business in the State of Colorado, has continuously been doing business in the State of Colorado and the City of Montrose, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Montrose Memorial Hospital has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## **CONDITIONS PRECEDENT**

6. More than thirty days prior to the institution of this lawsuit, Katherine K. Casias ("Casias" or "Charging Party") filed a charge with the Commission alleging that Defendant Montrose Memorial Hospital discriminated against her and other older nurses in violation of the ADEA.

7. The EEOC provided Defendant with notice of the charge.

8. EEOC investigated the charge of discrimination.

9. Based on evidence uncovered during the EEOC's investigation, EEOC issued a determination informing Defendant that EEOC had reasonable cause to believe Defendant had violated the ADEA in that Defendant has discharged the Charging Party and discharged and/or constructively discharged other nurses based on their age, 40 or older.

10. The Commission's determination included an invitation for Defendant to join the Commission in informal methods of conference, conciliation, and persuasion, within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b), in an attempt to eliminate and remedy the alleged unlawful employment practices.

11. Defendant declined to participate in this informal conciliation process.

12. The Commission sent notice to Defendants that conciliation had failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **GENERAL ALLEGATIONS**

14. Since at least 2012, Defendant has engaged in unlawful employment practices at Montrose Memorial Hospital in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

15. Defendant unlawfully discharged and/or constructively discharged employees age 40 or older, because of their age.

16. Charging Party Katherine Casias was born August 28, 1957.

17. Casias first began to work for Defendant as a Licensed Practical Nurse in 1985.

18. While working full time for Defendant, Casias returned to school and earned her degree as a Registered Nurse ("RN"), graduating *cum laude*.

19. Casias remained dedicated to Montrose Memorial Hospital. Some of her achievements include:

   a. In 1993, Casias was appointed to the Sexual Assault Task Force;

   b. In 2000, Casias was appointed a Sexual Assault Nurse Examiner, performing pro-bono educational trainings and outreach on sexual assault in five counties;

   c. Between 2000 and 2004, Casias was formally appointed to the position of Trauma Coordinator;

   d. In 2004, Casias was put in charge of conducting all of the sexual assault examinations at the hospital;

20. Casias worked for Defendant for approximately twenty seven years.

21. Casias received above-average evaluations in each year of her tenure with Defendant.

22. Not once did Casias receive a below-average evaluation in all of her twenty seven years.

23. Until 2012, not once was Casias formally disciplined in all of her twenty seven years.

24. Nevertheless, Defendant discharged Casias on September 18, 2012.

25. Casias was replaced by a younger female who was not yet forty.

26. At the time Defendant terminated Casias, the Director of Human Resources was Kathy McKie.

27. At the time Defendant terminated Casias, the Chief Nursing Officer ("CNO"), was Joan Napolilli.

28. At the time Defendant terminated Casias, the Assistant Chief Nursing Officer was Coral Ann Hackett.

29. At the time Defendant terminated Casias, the Nurse Manager was Susan Smith.

30. Before Casias's termination, Defendant's management made overtly biased comments about older employees. For example:

    a. Napolilli told Casias a younger RN could "dance around the older nurses."

    b. Napolilli told Casias younger nurses are "easier to train" and "cheaper to employ."

      c. Napolilli chastised Casias for not being "fresh enough," and for failing to smile or say hello enough.

      d. Napolilli referred to Casias as an "old bitch."

31. Other employees above the age of forty heard similar ageist comments by management. For example:

      a. One registered nurse reports that Susan Smith told her that "you're getting too old for this job."

      b. Joan Napolilli told another nurse that the older workers at the hospital were "a bunch of monkeys" and that "I'd like to fill the hospital with new nurses and get rid of all the old ones."

      c. Napolilli also told that nurse's supervisor to "work that old grey-haired bitch into the ground" and to work her "long and hard until she quit or got fired."

32. Casias and other employees in the protected age group were discharged for alleged policy violations, but younger employees who engaged in similar or more egregious conduct, were not discharged.

33. One example: Defendant alleges that Casias was rude.

      a. Every year Defendant receives dozens of complaints about alleged rude or unprofessional nurses.

      b. Between January 2010 and October 1, 2014, Defendant documented nearly one hundred individual patient complaints. Many were about allegations of rude or unprofessional bedside manner.

      c. During this same time period, Defendant also received complaints about alleged rude or unprofessional conduct from employees about other employees.

      d. Between January 2010 and October 1, 2014, Defendant did not terminate any employee under the age of forty for rude or unprofessional manner.

34. Other nurses within the protected age group, both uncovered during the EEOC's investigation and other as yet unidentified aggrieved individuals, have similarly been discriminatorily discharged and/or constructively discharged based on alleged violations or alleged performance deficiencies for which younger employees were not discharged, and sometimes not even disciplined.

35. At least one other employee filed an internal grievance stating, *inter alia*, that, "many younger nurses have been hired. Perhaps there is an issue of age discrimination here, as most nurses have comparable documentation in their files…"

36. Upon information and belief, Defendant did not investigate the age discrimination complaint.

37. Defendant has received other internal complaints of age discrimination.

38. Upon information and belief, Defendant did not investigate those other complaints of age discrimination.

39. The EEOC seeks relief for any other employees, age 40 or older, who have been unlawfully discharged and/or constructively discharged because of their age.

## STATEMENT OF CLAIMS

### [ADEA, 29 U.S.C. § 623(a)(1) – Discharge/Constructive Discharge]

40. The allegations contained in the preceding paragraphs are hereby incorporated.

41. By its conduct complained of above, Defendant engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. Section 623(a)(1).

42. The effect of the practices complained of above has been to deprive Katherine K. Casias and other nurses, age forty or older, of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

43. The unlawful employment practices complained of in the paragraphs above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Montrose Memorial Hospital, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in the conduct described above and any employment practice which discriminates on the basis of age against individuals forty years of age or older;

B. Order Defendant Montrose Memorial Hospital to institute and carry out policies, practices and programs which provide equal employment opportunities for

individuals forty years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

    C.   Grant a judgment requiring Defendant Montrose Memorial Hospital to pay appropriate back pay and benefits in an amount to be proved at trial, and an equal sum as liquidated damages, and prejudgment interest, to the aggrieved individuals who have already been, or will be, identified as adversely affected by the discriminatory misconduct described above;

    D.   Order Defendant Montrose Memorial Hospital to make the aggrieved individuals whole, as they were affected by the unlawful practices described above, by providing affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to a rightful place reinstatement with all attendant rights and benefits, and/or front pay; and,

    E.   Grant such further legal and equitable relief as the Court deems necessary and proper in the public interest.

    F.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    P. David Lopez
    General Counsel

    Gwendolyn Reams
    Associate General Counsel

Mary Jo O'Neill
Regional Attorney
Phoenix District Office

Rita Byrnes Kittle
Supervisory Trial Attorney

*/s/ Iris Halpern*
Iris Halpern
Senior Trial Attorney
Phone: (303) 866-1374
Iris.halpern@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver District Office