**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-02277-WYD-GPG

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                              Plaintiff,

v.

MONTROSE MEMORIAL HOSPITAL, INC.,

                              Defendant.

**CONSENT DECREE**

## I. RECITALS

On September 9, 2016, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), filed this action against Defendant, Montrose Memorial Hospital, Inc. ("Montrose Memorial"), alleging that a group of employees age forty and over were discharged and/or constructively discharged in violation of the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. §§ 621, *et seq.* (ADEA).

The EEOC and Montrose Memorial (the "Parties") desire to resolve this action, and stipulate and consent to the entry of this Decree as final and binding between themselves, their successors and assigns. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court

1

finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## II.  JURISDICTION

**1.**     The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met. The Parties stipulate to the validity of this Decree and the jurisdiction of the federal district court to enforce this Decree and its terms.

## III.  TERM AND SCOPE

**2.**     The duration of this Decree shall be three (3) years from the date of signing by the Court.

**3.**     The terms of this Decree shall cover all employees of Montrose Memorial, in Montrose, Colorado.

## IV.  ISSUES RESOLVED

**4.**     This Decree resolves all claims raised in the above-captioned lawsuit, and any further action by the EEOC relating to EEOC Charge Numbers 541-2013-00887, 32A-2016-00229, and 541-2017-00111.

**5.**     The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending charges not covered by this Decree or future charges that may be filed against Defendant, and to seek relief and/or commence civil actions on any such charges.

**6.**     This Decree is being issued with the consent of the Parties and represents a compromise of disputed claims that the Parties recognize would require protracted and additional costly litigation to resolve. It does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint filed in this action. Nothing contained in this Decree shall be

construed as an admission of liability on the part of the Defendant.

## V. MONETARY RELIEF

**7.** In settlement of this dispute, Defendant shall pay a total of four hundred thousand dollars ($400,000.00), to be apportioned in amounts determined by the EEOC to the Aggrieved Individuals. Payment to the Aggrieved Individual will be divided equally between back pay and liquidated damages. Payments designated back pay shall be reported on IRS Form W-2. Defendant shall be responsible for paying its share of payroll taxes for back pay and withholding applicable payroll taxes owed by the Aggrieved Individuals. Payments designated as liquidated damages shall be reported on IRS Form 1099 and shall not be subject to withholdings.

**8.** Defendant will not condition the receipt of payment hereunder upon an Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or, (c) promise not to reapply for a position with Defendant.

**9.** The payments required under this Decree shall be mailed directly to the payee(s) within ten (10) days after the Court's entry of this Decree, and mailed to the address provided by the EEOC.

**10.** Within three (3) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the checks issued.

## VI. OTHER INDIVIDUAL RELIEF

**11.** Defendant shall expunge from the Aggrieved Individuals' personnel files: (a) any and all reference to the charge of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to the allegations of discrimination filed against Defendant that

3

formed the basis of this action; and, (c) any and all references to the Aggrieved Individuals' participation in this action.

**12.** Defendant shall expunge any reference to terminations from the Aggrieved Individuals' records, and shall ensure that all of Defendant's records reflect that the Aggrieved Individuals voluntarily resigned from their employment. Further, Defendant will provide a neutral reference letter in the form attached as Exhibit A, or if the reference sought is verbal, will say substantively the same as the content of the letter attached as Exhibit A.

**13.** **Reapplication Process**: Within thirty (30) days of the execution of this Agreement, Defendant shall mail a letter to each of the aggrieved individuals advising the individual that vacancies for positions at the Hospital are posted online at www.montrosehospital.com/careers, and that the aggrieved individuals are: (1) encouraged to apply for positions they are qualified for; (2) that Defendant will not retaliate against individuals for filing charges with the EEOC or participating in the EEOC's lawsuit; and, (3) Defendant will give good faith and serious consideration to the individual for employment.

## VII.  EQUITABLE RELIEF

*A.     Injunctive Relief*

**14.** Defendant, its officers, agents, and successors are permanently enjoined from engaging in any employment practice which discriminates on the basis of age.

**15.** Defendant, its officers, agents, and successors are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Age Discrimination in Employment Act. Nor shall Defendant

retaliate against any such persons who participate in protected activity or are identified as witnesses or possible witnesses of discrimination in future investigations or proceedings.

### B.     *EEO Policy Review*

**16.**     Within sixty (60) days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**17.**     The written EEO policies must include at a minimum:

> **17.1.**   A strong and clear commitment to preventing unlawful age discrimination and retaliation;
>
> **17.2.**   A clear and complete definition of disparate treatment based on age and retaliation;
>
> **17.3.**   A statement that discrimination based on age and retaliation is prohibited and will not be tolerated;
>
> **17.4.**   A description of the types of conduct that might constitute age discrimination, including disparate work assignments, harassment, and discharge;
>
> **17.5.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;
>
> **17.6.**   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;
>
> **17.7.**   A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**17.8.** An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**17.9.** An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate any unlawful conduct within its workforce;

**17.10.** A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**17.11.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

**17.12.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**18.** Within thirty (30) days after completion of the policy review required under Paragraphs 16 and 17 above, the written EEO policies shall be posted in a prominent location frequented by employees at Defendant's hospital and distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.

## C.     *Policies Relating to Discipline and Discharge*

**19.** Within sixty (60) days of the entry of this Decree, the Defendant shall, in consultation with an outside Consultant, review its existing written policies and actual practices related to

discipline and discharge so as to ensure that they conform with anti-discrimination law, and to revise and modify as necessary.

**20.** Policies and practices must include at a minimum:

**20.1.** Concrete safeguards to ensure that standards relating to performance or conduct are applied equally to employees age 40 and over as those under the age of 40;

**20.2.** Concrete safeguards to ensure that workers age 40 and over are not disciplined more harshly for performance or conduct that is the same is or similar to the performance or conduct of employees under the age of 40;

**20.3.** A neutral review process by which means Defendant proactively and periodically reviews discipline and discharge to ensure that workers age 40 and over are not being treated more harshly than employees under the age of 40 for similar conduct. This process at a minimum requires:

**20.3.1.** Self-monitoring or subjective perceptions are not sufficient to meet this requirement;

**20.3.2.** No supervisor, manager, or human resources personnel who had any role in any of the discipline or discharge being evaluated may play a part in the review;

**20.3.3.** Review must be as objective and quantifiable as possible;

**20.3.4.** If Defendant identifies any differences in treatment between employees age 40 and over and those under the age of 40, they must investigate and document the investigation;

    **20.3.5.** Defendant must train the individuals who do the review to look for trends or patterns (*e.g.*, patterns that show employees age 40 and over are being disciplined more harshly than those under the age of 40 for similar behavior.)

    **20.3.6.** Defendant must train the reviewer(s) to identify what constitutes "same or similar conduct." Different supervisors might refer or describe similar conduct or similar acts differently in the process of complaining about or disciplining subordinates. The reviewer(s) must be able to identify similar type complaints or behavior, and alleged violations of conduct or performance that are of comparable severity even if not identical.

    **20.3.7.** Defendant must record, in a written and detailed report, the date, time, and person(s) involved in the review; what steps were taken to review the discipline and discharge and to identify any potentially discriminatory trends; the results of the review; and any steps taken as a result of the review. These reports must be preserved for the duration of this Decree.

  **20.4.** Review of discipline and discharge must be done at least semi-annually, if not more frequently. The outside Consultant may be used, but need not be so long as the other parameters of Paragraph 20 are satisfied.

*D.* *Training*

**21.** Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in

discriminatory behavior; (d) Defendant's non-retaliation policy; (e) implicit bias, particularly implicit bias that affects the perception of and evaluation of older employees; and, (f) bystander intervention training.[1] Attendance of training under this Paragraph shall be mandatory, and shall be at Defendant's selection and expense, and may be done by internet/computer-based training, closed circuit presentation models, and/or in person. The training will be conducted as follows:

>**21.1. Non-managerial Employees:** Each year of the Decree, Defendant will provide non-managerial employees at least two hours of training annually regarding the ADEA and other state and federal anti-discrimination laws. This training can be done to coincide with Defendant's pre-existing organizational structure. For example, Defendant may provide six (6), twenty-minute (20-minute), manager-led monthly meetings, or may provide one hour of training semi-annually if longer education and training periods have already been set aside.
>
>**21.2. Managerial and Supervisory Employees**: Each year of the Decree, Defendant will require all individuals who work in a supervisorial or managerial capacity, including, but not limited to, any individuals who have authority to hire, discipline, or discharge, and any individuals who have authority to recommend, hire, discipline, or discharge, to receive at least eight (8) hours of training annually regarding the ADEA and other state and federal anti-discrimination laws. Two (2) of the eight (8) hours must directly address age discrimination, including implicit bias, and at least one (1) of the eight (8) hours must

---

[1] Bystander intervention training empowers co-workers, supervisors, or managers with the tools to intervene if they witness potentially harassing or discriminatory behavior. Bystander intervention training should encourage colleagues to intercede on the victim's behalf before conduct rises to the level of legal liability.

be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees: (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and, (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. This training can be done to coincide with Defendant's pre-existing organizational structure. Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete this training within forty-five (45) days of being hired or promoted. This training must be live and in person.

**21.3.   Human Resource Employees:**  Each year of the Decree, Defendant will require all individuals who work in a human resource capacity to receive at least twelve (12) hours of training annually regarding the ADEA and other federal anti-discrimination laws.  Two (2) of the twelve (12) hours must directly address age discrimination, including, but not limited to, implicit bias, and at least two (2) hours of the twelve (12) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. This training can be done to coincide with Defendant's pre-existing organizational structure. Additionally, Defendant will

require employees who are newly hired or promoted into a human resource position to complete this training within forty-five (45) days of being hired or promoted into a human resource position.

22. Defendant agrees that the first such training session for each employee group identified in Paragraph 21 above, will take place within sixty (60) days after the Court's entry of this Decree. Defendant agrees that all of its personnel shall register or sign in when they attend or complete training sessions.

23. **Train the Trainers:** If the Defendant does not elect to use an outside Consultant with expertise in employment discrimination to complete in-person training under Paragraph 21 of this Decree, Defendant will provide four (4) hours of training on the materials to be presented and the proper techniques for teaching the materials to the individuals it selects to conduct the in-person trainings. The training under this Paragraph 23 must be provided by an outside Consultant. Training must be done live and in person.

24. The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with thirty (30) days notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

*E.   Notice Posting*

25. Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its facilities, in a conspicuous place frequented by employees, the Notice attached as

Exhibit B to this Decree. The Notice should have the proportions of at least 18 x 24 inches, and should include type face, graphics, and colors which highlight the notice and its content. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

### F.     *EEO Compliance as a Component of Management Evaluation*

**26.**     Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees, including but not limited to all managers, co-managers, assistant managers, and supervisors. Defendant shall also, within sixty (60) days of the Court's entry of this Decree, and at least continuously for the duration of this Decree, advise Defendant's managerial officials that the amount of monetary bonuses these managers may be eligible for to the extent that any merit-based compensation or bonuses are awarded during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

### VIII.  Record Keeping and Reporting Provisions

**27.**     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

    **27.1.** All Personnel files;

    **27.2.** All discipline;

    **27.3.** Any and all documentation relating to any discipline, including the underlying reason for the discipline, and records of any investigation conducted;

    **27.4.** Reports as required under Paragraphs 19 and 20 relating to Defendant's periodic review of discipline and discharge for bias;

    **27.5.** Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

    **27.6.** All records relating to the trainings discussed in Paragraphs 21-23.

**28.** Defendant shall provide semi-annual reports for each six-month period following entry of this Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission one month prior to the date on which the Consent Decree is to expire.

**29. Reporting Requirements:** Each report shall provide the following information:

    **29.1. Reports of Discrimination**

        **29.1.1.** For purposes of this Paragraph 29, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on age even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not

13

trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

**29.1.2.** The report will include:

a.     The name, address, email address, and telephone number of each person making a complaint of age discrimination to Defendant or to any federal, state, or local government agency;

b.     The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.     A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.     Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**29.2. Training**

**29.2.1.** For each training program required under Paragraphs 21-23 and conducted during the reporting period, Defendant shall submit a registry of attendance.

**29.2.2.** For each training program conducted by Defendant's employees, Defendant will provide the following information:  (a) a detailed agenda; (b)

14

copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications. Materials used by the trainer include any fliers, polices, articles, power-point presentations, etc.

**29.2.3.** For each training program conducted by an outside Consultant not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda. If possible, Defendant will also provide copies of all training material provided to or utilized by the Consultant.

29.3.   **Policy Reviews:**

**29.3.1.** Each time that Defendant updates or modifies its EEO, discipline, or discharge policies or practices, including, but not limited to, as required under Paragraphs 16 through 20 in this Decree, in the next semi-annual report, it must include copies of changes in written policies, or, where none exist because it is a change in practice, a detailed written description of the change.

29.4.   **Periodic Review of Discipline:**

**29.4.1.** Reports from any efforts made in the preceding six months to comply with Defendant's obligation to review and guard against age discrimination in its discipline and discharge practices, as specified in Paragraphs 19 and 20 including all required reports.

29.5.   **Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 25 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

29.6.   **Applications for Employment:** Defendant shall provide the EEOC with a

template letter for approval before mailing the aggrieved individuals the letters of reapplication. Within seven (7) days of completing the mailing, Defendant will provide EEOC with a declaration attesting to mailing the letters of reapplication as required by Paragraph 13. To the extent that any of the aggrieved individuals apply for work with Defendant, Defendant shall provide a copy of his or her application to the EEOC, and notify the EEOC if the aggrieved individual was selected, and if not why, as well as which candidate was selected and why if not the aggrieved individual. Upon request, Defendant shall make available to the EEOC copies of all of the applications for the position to which the aggrieved individual applied.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**30.**     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**31.**     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**32.**     In the event the Commission believes Defendant has failed to comply with any provision(s) of this Decree, it shall notify Defendant in writing of the alleged non-compliance, and allow Defendant thirty (30) days after service of such notice to remedy the non-compliance. If the Defendant has not remedied the alleged non-compliance within thirty (30) days, the Commission may petition this Court to enforce the terms of this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has

not complied with this Decree, the Court may order appropriate relief to remedy the non-compliance, including attorneys' fees and appropriate injunctive relief.

**33.**     Absent extension, this Decree shall expire by its own terms three (3) years from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**34.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**35.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**36.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

| | |
|---|---|
| Laurie Jaeckel | Aaron J. Brooks |
| Trial Attorney | Brooks & Brooks, LLC |
| EEOC Denver Field Office | 516 E. Main St. – P.O. Box 179 |
| 303 E. 17th Avenue, Suite 410 | Montrose, CO   81401-0179 |
| Denver, CO  80203 | Tel: (970) 249-4511 |
| Tel: (303) 866-1381 | Email: bb@brookslawllc.com |
| E-Mail: lauren.jaeckel@eeoc.gov | |

## XIII.  SIGNATURES

**37.**     The Parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2017.

17

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: 12/1/17

MONTROSE MEMORIAL HOSPITAL, INC.

By: _____
    Ronald D. Courtney
    Chairperson

Date: 12/4/17

APPROVED AS TO FORM:

_____
Laurie Jaeckel
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO 80203
Fax: (303) 866-1375
Tel: (303) 866-1381
lauren.jaeckel@eeoc.gov

Attorney for Plaintiff EEOC

_____
Aaron J. Brooks
BROOKS & BROOKS, LLC
516 E. Main St. – P.O. Box 179
Montrose, CO 81402-0179
Fax: (970) 249-4514
Tel: (970) 249-4511
bb@brookslawllc.com

Attorney for Defendant MMHI

## EXHIBIT A (Reference Letter)

[On Company Letterhead]

To Whom It May Concern:

[Name of Aggrieved Individual] worked for Montrose Memorial Hospital from [start date] to [end date]. Ms. [last name] worked in the [name of department] as a [position].  Ms. [last name] is eligible for rehire with our organization.

Sincerely,

                      Montrose Memorial Hospital, Inc.

## EXHIBIT B

## <u>NOTICE</u>

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Montrose Memorial Hospital, Inc.* filed in the United States District Court for the District of Colorado, Civil Action No. 1:16-cv-02277-WYD-GPH.

Management of Montrose Memorial Hospital wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Montrose Memorial Hospital seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information.

Pursuant to the Age Discrimination in Employment Act (ADEA), it is unlawful for an employer to discriminate based upon the age of an applicant or employee by treating employees who are 40 or older more harshly than those employees who are under the age of 40. Further, it is unlawful for any employer to retaliate against an employee because he or she has complained about age discrimination, filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Montrose Memorial Hospital respects the right of its employees and applicants for employment to work in an environment free from discrimination, including age discrimination and ageist comments that are demeaning to our employees.  Accordingly, Montrose Memorial Hospital reaffirms its commitment to complying with the strictures of the Age Discrimination in Employment Act (ADEA), in that it is our policy to prohibit all discrimination based on age.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly 303-866-1317 for the Denver Field Office or EEOC's 800 number at 1-800-669-4000. In compliance with federal law, no official at Montrose Memorial Hospital will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

By:_____    _____
                                                                      Date